IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 7:15-cv-00032-O |
| v. | ) | |
| | ) | |
| 0.12 ACRES OF LAND, MORE OR | ) | |
| LESS, SITUATE IN YOUNG | ) | |
| COUNTY TEXAS, JOE WILLIS | ) | |
| FORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Before the Court is Plaintiff's motion to determine title. (ECF No. 33). This matter was referred to the undersigned for hearing, if necessary, and determination or recommendation to the District Court. (ECF No. 35). The United States, acting as *amicus curiae,* has recommended that the Court find the title owners of the property, as of the date of taking, was Joe W. Ford, Jr. Testimony was presented by the United States at a hearing on June 21, 2016. Having heard and considered the motion, the Court makes the following findings of fact:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

2. This is an eminent domain action brought pursuant to 40 U.S.C. §§ 3113 and 3114 to acquire 0.12 acres of unoccupied and unimproved land in Graham, Texas.

1

The Stewart Commitment for Title Insurance ("Commitment"), Exhibit 1 to the Memorandum in Support of the Motion to Determine Title (ECF No. 34-1), states hat the property is owned by Joe Willis Ford, Jr.

3. The United States Army Corps of Engineers ("Corps") negotiated an agreement to purchase the property from Joe W. Ford and his wife, Beverly Ford, for $5,400.00. The Commitment had an exception which shows a gap in the chain of title. Therefore it was determined necessary to condemn in order to clear title.

4. The United States deposited $5,400 as estimated just compensation.

5. All of the named parties were served.

6. The United States, pursuant to Rule 71.1(d)(3)(B) of the Federal Rules of Civil Procedure ("FRCP"), served by publication any remaining potential known or unknown owners.

7. Service of process is complete.

8. A stipulation of just compensation was filed with the instant motion for a determination of title. (ECF No. 33-1).

Based upon the foregoing findings of fact, the Court concludes:

1. The owners of the taken property, on the date of taking, were Joe W. Ford, Jr. and his wife, Beverly Ford.

2. Title to the subject property transferred to the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation, as provided by 40 U.S.C. § 3114(b).

3. The full just compensation payable by Plaintiff, United States of America, for the taking of the property identified in the Complaint and Declaration of Taking (ECF

2

Nos. 1 and 3) filed herein shall be the sum of $5,400 inclusive of interest, that amount previously having been deposited by the United States as estimated just compensation.

<u>Recommendation</u>

Based upon the foregoing findings of fact and conclusions of law, I recommend to the District Court that a Final Judgment be entered against Plaintiff in the previously deposited sum of $5,400.00 (said sum being full and just compensation) in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and the taking of the said lands and all appurtenances thereunto. By said judgment the Court should order the Clerk of the Court to draw a check for the deposited $5,400.00, together with any interest accrued thereon while in the Registry of the Court, made payable to Joe W. Ford and Beverly Ford, and mail said check to Joe and Beverly Ford, 1150 Rocky Mound Road, Graham, TX 76450.

It is **SO ORDERED** on this 22nd day of June, 2016.

Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

### Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).